UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| JASON SMITH, ) | |
| ) | |
| Petitioner, ) | Civil No. 7: 20-133-WOB |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, ) | **AND ORDER** |
| ) | |
| Respondent. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Jason Smith is an inmate at the United States Penitentiary-Big Sandy in Inez, Kentucky. Proceeding without a lawyer, Smith has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, the Court will **DISMISS** this case without prejudice, subject to Smith's right to refile a more appropriate petition asserting his claims.

In 2014, the Northern District of Georgia sentenced Smith as a Career Offender under the United States Sentencing Guidelines. *See United States v. Smith*, Case No. 1:13-cr-136-TWT (N.D. Ga. 2013). In his pending § 2241 petition, Smith asks for this Career Offender designation to be reinvestigated. [*See* R. 1 at 7.] Smith suggests that one of his prior Georgia state convictions no longer qualifies as a valid predicate offense for purposes of the Guidelines enhancement. [*Id.* at 6.] However, Smith's petition as written falls noticeably short of meeting the burden placed on petitioners hoping to assert their actual innocence via § 2241.

Ordinarily, a federal prisoner may not use a § 2241 petition to challenge the legality of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *See id.* (explaining the distinction between § 2255 and § 2241). A § 2241 petition does not function

as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). Nevertheless, the "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004).

Importantly, a motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed, because he did not file a § 2255 motion, or because he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review"). Rather, to properly invoke the savings clause, the petitioner must assert a claim that he is "actually innocent" of the underlying offense by showing that, after his conviction became final, the United States Supreme Court issued a retroactively applicable decision reinterpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or establishing that—as a matter of statutory interpretation—a prior conviction used to enhance his federal sentence no longer qualifies as a valid predicate offense. *See Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). Furthermore, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019).

In his petition, Smith states that "thousands of low level offenders . . . have gotten relief over the past few years due to the numerous district and Supreme Court rulings." [R. 1 at 6.]

However, Smith fails to articulate which, if any, of those cases are specifically applicable to the predicate offense at issue in his case.  Furthermore, Smith has failed to explain why § 2255 is an inadequate or ineffective vehicle for him to bring his claim.  The burden of proving the savings clause applies to his case ultimately falls on Smith, not the Court or the Respondent.  As written, therefore Smith's petition fails to state a viable § 2241 claim.

However, rather than adjudicate Smith's attempted claim of actual innocence on the merits, the Court will dismiss Smith's case without prejudice.  This dismissal without prejudice will provide Smith with an additional opportunity to present his claim of actual innocence in a way that complies with the case law referenced above.  If Smith wishes to pursue his claim, he must specifically articulate why the savings clause of 28 U.S.C. § 2255(e) applies.  And he must either point to a retroactively applicable Supreme Court decision that reinterprets the substantive terms of his statute of conviction, *see Wooten*, 677 F.3d at 307-08, or cite case law of statutory interpretation that demonstrates a prior conviction used to enhance his sentence no longer qualifies as a valid predicate offense.  *Hill*, 836 F.3d at 599-600.

For these reasons, the Court hereby **ORDERS** as follows:

1. Smith's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED WITHOUT PREJUDICE**;

2. If Smith wishes to pursue a claim of actual innocence, he may do so by filing a new, more complete action consistent with this Opinion;

3. Judgment will be entered contemporaneously herewith; and

4. This matter is **CLOSED** and **STRICKEN** from the Court's docket.

This the 2nd day of November, 2020.



Signed By:
*William O. Bertelsman*  WOB
United States District Judge